WILLIAM H. SMITH *et al.*, Respondents, *v.* JOHN DENNY *et al.*, Appellants.

*Guardian and Ward.*—The law presumes that a guardian who has made a final settlement of the estate of his ward, properly accounted for all the property which came to his possession as guardian.

*Appeal from St. Charles Circuit Court.*

*Krekel* and *Bruyere*, for appellants.

The court erred :

I. In overruling the demurrer of defendants John Denny and Raphael Denny, because the petition does not state facts sufficient to constitute a cause of action in this, it does not show that the slave cannot be reached. A mere averment that the same is beyond the jurisdiction of the court, is not sufficient; the petition must aver that the same is either out of the State, or that she cannot be found; nor does it show that the same has been wrongfully and illegally dealt with, so as to prevent plaintiff from recovering the same. John Denny was, according to the petition, the trustee; in him was the legal title to said slave and the right of possession, even after the death of Rachel Smith. (Gibbons v. Gentry, 20 Mo. 468 ; Richards v. Means, 22 Mo. 495.) He is the proper person to sue if any other person has the same wrongfully in his possession, or sold her and converted the money to his own use : if he, John Denny, as trustee, has sold her and converted the money to his own use, he alone, and no other person, is responsible for such wrong act. There could be no illegal possession in the other parties defendant. If, John Denny, the trustee, had, as stated in the petition, joint possession of said slave with them, how could that be, except with his consent ? If the court should find even that, notwithstanding the legal title vested in John Denny as trustee, plaintiffs were entitled to the possession, a demand for the delivery of the slave must be averred in the petition. (Williams on Personal Property, p. 23 ; Polk's Adm'r v. Allen, 19 Mo. 469.)

II. According to the petition, John Denny was also clothed with the character of guardian of the person and estate of Rachel Smith, deceased. If he converted property of his ward to his own use, the proper remedy for Rachel Smith's heirs was upon John Denny's guardian bond, or by applying to the Probate Court of St. Charles county, to proceed under

sec. 34, R. C., p. 829, of the "Act concerning guardians and curators." There is no allegation in the petition that defendant Raphael Denny ever came to the possession of the slave; there is no allegation that defendants converted the slave to their own use: an allegation that they sold the slave and converted the money to their own use, is not sufficient in an action for the recovery of the value of the slave.

*Wm. A. Alexander*, for respondents.

The demurrer of Clarissa Bruere and her husband, and Elvira Fisher and Lawrence Fisher her guardian, having been sustained by the court below, it is necessary to notice only the demurrer of the other defendants.

I. The petition does state facts sufficient to constitute a cause of action. It does show that the slave, whose value is sued for, became the property of plaintiffs at the death of their half sister, the said Rachel Ann Smith; that said Rachel Ann died; that after her death the defendants converted said slave to their own use, and sold her for $1,030; that at the time of the conversion and sale she was the property of plaintiffs; that she had been removed beyond the jurisdiction of the court and could not be reached. In cases of this nature, it is really not necessary to allege that the property cannot be reached by plaintiffs, nor is it necessary to state that defendants are unable to deliver the same: plaintiffs, in all cases of wrongful or tortious conversion, have a right to sue for the property or its value, and may sue one or all the parties to the conversion. (1 Hill. on Torts, 26–28, § 20–22; Neef v. Hunter, 30 Mo. 332; 2 Hill. on Torts, 244–249, § 3, 4.) No demand is necessary. (R. C. 1855, p. 448, § 34.) Demand never is necessary where conversion is alleged; and when demand is necessary and no conversion is shown, the want of a demand cannot be set up by demurrer, but must be done by answer. (Ross v. Clark, 27 Mo. 550; Wescott v. De Montreville, 30 Mo. 252.)

As to the second, third and fifth points made in the de-

murrer of defendants, neither of them are grounds for demurrer under the statute.  (R. C. 1231, § 6.)

IV. Raphael Denny is administrator of the estate of Rachel Denny, and as such is a proper party to this suit.

BATES, Judge, delivered the opinion of the court.

The petition states, that, in 1842, Rachel Denny, by deed, conveyed to John Denny, as trustee, two slaves ; that in said deed it was stipulated that Mary Smith should have the actual use, management and control of the said slaves as long as she should live, and that said slaves should descend to the children of the said Mary Smith, at her death to be their property ; that Mary Smith died, leaving an infant child, Rachel Ann Smith, who had also died whilst still a minor, leaving the plaintiffs her heirs and legal representatives, and that, after the death of Rachel Ann Smith, one of said slaves came to the possession of the defendants John Denny, Rachel Denny, Clarissa Viant, acting by her guardian Valentine Becker, and Elvira Fisher, acting by her guardian Lorenz Fisher, who sold said slave on the 1st day of January, 1857, and received the proceeds of the sale and appropriated it to their own use ; and that the slave has been removed beyond the jurisdiction of the court : that since said sale said Clarissa has become of age and intermarried with Gustav Bruere, and that they have received from Valentine Becker, guardian of said Clarissa, a portion of the money so received from the sale of said slave ; that since said sale Rachel Denny died testate, and that John Denny and Raphael Denny are her executors.  The petition also stated, that, on the 25th day of August, 1851 John Denny was appointed guardian of said Rachel Ann Smith, and continued to act as such guardian until the death of the said Rachel Ann Smith, who died in the year 1853 ; and on the 11th day of March, 1857, the said John Denny, made a final settlement of his guardianship in the County Court of St. Charles county, but no distribution or partition was made by said County Court of the personal estate of the said Rachel Ann Smith.  The petition in setting

forth the style of the cause, named as the defendants, " John Denny, Raphael Denny, Gustav Bruere, and Clarissa Bruere his wife, and Elvira Fisher, and Lawrence Fisher ; " and the petition concluded as follows : " Plaintiffs, therefore, say that by reason of the premises they are entitled to have and recover from the said defendants the value of said slave Sarah sold as aforesaid, and defendants became and are liable to pay the same, which said slave on the 1st of January, 1857, was of the value of one thousand and thirty dollars. Said plaintiffs ask judgment for said amount of one thousand and thirty dollars, with interest from the 1st of January, 1857, together with costs."

Demurrers were filed to the petition, and were sustained as to Gustav Bruere and wife, and as to Elvira Fisher and Lorenz Fisher, and overruled as to John Denny and Raphael Denny, and judgment given against them, (and also, through inadvertence, against Gustav Bruere and Lorenz Fisher.)

The demurrers of John and Raphael Denny should also have been sustained. As to Raphael Denny, there is no show of a case against him at all. The petition does not in any way connect him with the alleged possession and sale of the slave and conversion of the proceeds, and yet it sought judgment against him individually, and not as one of the executors of Rachel Denny. As to John Denny, the petition shows that at the time of the death of Rachel Ann Smith in 1853, he was her guardian, and made final settlement of his guardianship in March, 1857, (after the sale of the slave.) Thus, as shown by the petition, he was lawfully in possession of the slave as of the estate of his deceased ward at the time of the sale, and was under a legal obligation to account for the same in the County Court ; and having afterward made a final settlement, the law presumes that in that settlement he did account for all the property of his ward which had come to his possession, including the slave. Thus the petition itself shows that a court of competent jurisdiction has already adjudged the matter in controversy as to John Denny, and the plaintiffs have no ground of action against him.

We are not warranted in giving an opinion upon a case not made by the record, and therefore we give no opinion of the precise effect of a judgment of the County Court upon the final settlement made by a guardian as a bar to the claims of distributees: it may be just that the plaintiffs should have leave to amend their petition ; and, therefore, the cause will be remanded.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.